IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. MCGUCKIN, Jr.<br>119 Villinger Ave.<br>Cinnaminson, NJ 08077<br><br>Plaintiff,<br><br>v.<br><br>BUILDING CONTROL SOLUTIONS, LLC<br>9050 State Road<br>Philadelphia, PA 19136<br>and<br>SANTA PAUL CORPORATION<br>t/a LIMA COMPANY<br>9050 State Road<br>Philadelphia, PA 19136<br><br>Defendants. | CIVIL ACTION<br><br>No.: _____<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, James J. McGuckin, Jr., by and through his undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Building Control Solutions, LLC (hereinafter "Defendant BCS") and Santa Paul Corporation t/a Lima Company (hereinafter "Defendant Lima") (hereinafter collectively referred to as "Defendants") of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Pennsylvania Wage Payment Collection Law ("WPCL"), Pennsylvania Human Relations Commission ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO")[1] and Pennsylvania Common

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO") once properly administratively exhausted.

Law. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.  JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADEA and has properly exhausted his administrative remedies with respect to such claim by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

Plaintiff is however required to initiate this lawsuit pursuant to a right-to-sue letter prior to such exhaustion. Plaintiff's PHRA and PFPO claims will mirror identically his ADEA claims, and they are analyzed identically in the Third Circuit as well.

### III.   PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant BCS is a corporation operating out of the above-referenced address which purports to offer solutions for controlling, monitoring, and trending of commercial HVAC heating, cooling, and domestic hot water and steam systems.

9. Defendant Lima is a corporation operating out of the above-referenced address which engages in the business of providing commercial plumbing, HVAC, refrigeration and mechanical services.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action. For example, but not intending to be an exhaustive list:

   i. Plaintiff's payroll reflected that he was an employee of Defendant BCS;

   ii. Defendants operate out of the same physical location;

   iii. Defendants have overlapping management;

   iv. Plaintiff reported to management from both Defendants throughout his tenure and was terminated by shared management and human resources of both entities;

   v. Management of Defendants refer interchangeably to the businesses by their names for the same operation(s);

   vi. Despite that Plaintiff was paid through Defendant BCS, he received employee benefits (such as healthcare) through Defendant Lima;

      vii. E-mail communications and documentation amongst team members and management reflect <u>the same integrated operation</u> with employees of BCS and Lima working with one another to perform their jobs; and

      viii. Plaintiff performed work as a functional employee of <u>both</u> entities

11. Collectively, these entities employee well in excess of 50 employees.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.   FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a 65-year-old male.

15. Plaintiff was hired by Defendants on or about August 27, 2018 as a Vice President of Sales and Project Management; and in total, was employed with Defendants for more than two years.

16. Throughout his employment, Plaintiff reported to high-level executives (and owners) of Defendants, including but not limited to Nathan Kiger and Robert Lima.

17. Plaintiff was a hard-working employee for Defendants who performed exceptionally well and received no disciplinary action or warnings throughout his employment.

18. Unfortunately, as Plaintiff's employment progressed, he began to be subjected to discriminatory treatment and commentary from Defendants' management and employees.

19. By way of example, during the last approximate year of his employment, Plaintiff was asked by Lima if he was "retiring soon," and was made to feel as though there was a view that his advanced age somehow limited his performance and dependability.

4

20. There was also a mechanical engineer ("Ryan") who repeatedly referred to Plaintiff as being "old" or more commonly as "old man."

21. Plaintiff complained <u>at least 3 times</u> to Defendants' management and human resources about this discriminatory commentary, even as late as the week preceding his termination from employment.

22. Defendants' human resources is overseen by Jenna Collier (Human Resources Director).

23. Collier, who is responsible for handling HR matters for all of Defendants' employees, is ill equipped for her role as HR Director, as she engages in unprofessional discussions, has not created or disseminated any employee handbook for guidance to employees, and fails to properly track paid time off /vacation and other commissions.

24. When Plaintiff complained to Collier about the discriminatory comments he was subjected to, including in the week prior to his separation, Collier simply shrugged her shoulders and stated she could not do or say anything about the situation because "everyone knows Ryan's dad (an executive in Acme Markets) gives us millions of dollars in business."

25. In extremely close proximity to making his final complaints of discrimination, on or about November 6, 2020, Plaintiff was terminated in a meeting with Kiger, Lima, Collier and Sandy Narzikul (Administrative Assistant at Lima).

26. Upon being informed of his termination, Plaintiff was told his job was being eliminated <u>and</u> Defendant BCS was being dissolved.

27. Within just weeks of his separation, however, Plaintiff came to learn that his termination was <u>entirely pretextual</u>, as (a) BCS never dissolved; and (b) *Plaintiff was functionally replaced by a newly hired, significantly younger and less experienced individual*

*named Karlo Radolovic* (believed to be in his 30s), whom Plaintiff was informed had been introducing himself as specifically replacing Plaintiff.

28. Therefore, Plaintiff believes and avers that he was truly terminated because of his age and/or his complaints of age discrimination.

29. Moreover, in addition to being terminated because of his age and complaints of age discrimination, Defendants also failed to properly pay Plaintiff for certain wages throughout his employment.

30. Specifically, Plaintiff's offer letter expressly states that he was to be paid "15 days paid vacation" and "1.5% of gross profit from all sales after warranty period has expired."

31. Despite these contractual guarantees, however, Plaintiff was not paid any commissions throughout his employment, as owed.

32. Plaintiff was similarly not paid for the unused vacation time he was owed upon his termination.

33. Defendants' failure to pay these benefits is willful, and may very well have also been the product of discrimination/retaliation, as the terms of Plaintiff's employment contract with Defendant are unambiguous and Defendants have continued in their failure to pay Plaintiff for the wages owed to him despite Plaintiff making several requests for Defendants to cure its aforementioned wage violations.

### First Cause of Action
### Violations of the Age Discrimination in Employment Act ("ADEA")
**(Age Discrimination and Retaliation)**
**-Against All Defendants-**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6

35. As outlined *supra,* Plaintiff was terminated by Defendants in November 2020 because of his age and complaints of age discrimination.

36. These actions as aforesaid constitute unlawful discrimination under the ADEA.

### Second Cause of Action
### Violations of the Pennsylvania Wage Payment Collection Law ("WPCL")
### (43 P.S. 260.3(a)-(b))
### -Against All Defendants-

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services he performed during his employment.

39. Defendants failed to compensate Plaintiff for all wages owed during his employment.

40. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (including paying Plaintiff "15 days paid vacation" and "1.5% of gross profit from all sales after warranty period has expired").

41. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

### Third Cause of Action
### Breach of Contract

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff had a very clear contract supported by adequate consideration, which was documented in a mutually agreeable and executed memorialization, as described *supra*.

44. Plaintiff performed all aspects of his agreement through termination by performing work for Defendant, but Defendant repeatedly breached its obligations in compensation and other terms and conditions as aforesaid.

45. Defendant's actions as outlined in this Complaint constitute a breach of contract and/or repeated breaches of contract.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: June 1, 2021

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

James J. McGuckin, Jr. : CIVIL ACTION
v. :
: NO.
Building Control Solutions, LLC, et al. :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 6/1/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 119 Villinger Avenue, Cinnaminson, NJ 08077

Address of Defendant: 9050 State Road, Philadelphia, PA 19136

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/1/2021   _____   ARK2484 / 91538
                 *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c )(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/1/2021   _____   ARK2484 / 91538
                 *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MCGUCKIN, JR., JAMES J.

## DEFENDANTS
BUILDING CONTROL SOLUTIONS, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA, PA Wage Payment COllection Law, PHRA, PFPO and PA Common Law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 6/1/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print    Save As...    Reset